IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| DUVALL M. BRANHAM<br>13916 Lullaby Road<br>Germantown, MD 20874, | *<br><br>* | Case No.: <u>485862-V</u> |
| *Plaintiff,* | * | **FIRST AMENDED COMPLAINT**:<br>(1) Declaratory Action |
| v. | * | (2) Breach of Agreement<br>(3) Violation of FDCA |
| CAPITAL ONE, NA<br>1680 Capital One Drive<br>McLean, VA 22102<br><u>Serve</u>: CSC-Lawyers Inc Serv. Co.<br>7 St. Paul St, Suite 820<br>Baltimore, MD 21202, | *<br><br>*<br><br>*<br><br>* | (4) Violation of MD DCA<br>(5) Detrimental Reliance |
| -AND- | * | |
| DISCOVER BANK<br>12 Read's Way<br>New Castle, DE 19720<br><u>Serve</u>: The Corp. Trust, Inc.<br>2405 York Rd, #201<br>Lutherville Timonium MD<br>21093- 2264 | *<br><br>*<br><br>* | |
| -AND- | * | |
| DISTRESSED ASSET PORT. III, LLC<br>10625 Techwoods Circle<br>Cincinnati, OH 45242<br><u>Serve</u>: CSC-Lawyers Inc. Serv Co.<br>7 St. Paul St, Suite 820<br>Baltimore, MD 21202, | *<br><br>*<br><br>* | |
| | * | **Related Matter**: |
| -AND- | <br>* | *Unifund CCR Partners v. Branham*,<br>Case No.: 060200090842020<br>District Court of Maryland for |
| UNIFUND CCR, LLC<br>10625 Techwoods Circle<br>Cincinnati, OH 45242<br><u>Serve</u>: CSC-Lawyers Inc. Serv Co.<br>7 St. Paul St, Suite 820<br>Baltimore, MD 21202, | *<br><br>*<br><br>* | Montgomery County in Silver Spring<br><br>**RIGHTS TO TRIAL BY JURY OR**<br>**BENCH TRIAL RESERVED.** |
| -AND- | * | |
| UNIFUND CCR PARTNERS | * | |

      10625 Techwoods Circle
      Cincinnati, OH 45242                 \*
      <u>Serve</u>: CSC-Lawyers Inc. Serv Co.
           7 St. Paul St, Suite 820       \*
           Baltimore, MD 21202,
                                        \*

     *Defendants.*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **FIRST AMENDED COMPLAINT**

To the Honorable Court, the Honorable Judge of Said Court:

     Your Plaintiff, DUVALL M. BRANHAM, ("Plaintiff," or "Mr. Branham") by and through his undersigned attorney, now sues the forgoing Defendants and states that:

     1.    *Jurisdiction and Venue.* This Honorable Court has jurisdiction over this civil action because the subject matter pertains to declaratory relief and other related causes of action in law and equity. Venue is appropriate because the actions occurred in Montgomery County, MD.

## **BACKGROUND**

     2.    *Plaintiff.* Your Plaintiff, <u>Duvall M. Branham</u>, resides in Montgomery County, MD.

     3.    *Defendants.* The following Defendants are involved in this action:

          A.    <u>Capital One, National Bank d/b/a Capital One Bank, NA</u> ("Capital One") is a Virginia corporation doing business in Maryland and original creditor of your Plaintiff that was paid off in full accord and satisfaction in 2017.

          B.    <u>Discover Bank</u> ("Discover") is a Delaware Corporation doing business in Maryland which paid off Defendant Capital One, NA back in 2017.

          C.    <u>Distressed Asset Portfolio III, LLC</u> ("DAP III") is an Ohio limited liability company doing business in Maryland and original assignee of Capital One.

D. <u>Unifund CCR, LLC</u> ("Unifund") is an Ohio limited liability company doing business in Maryland and successor assignee of Capital One and DAP III.

E. <u>Unifund CCR Partners ("Partners")</u> is an Ohio partnership doing business in Maryland successor assignee of Capital One, DAP III, and Unifund.

4. *Refinance.* On or about July 31, 2017, your Plaintiff refinanced his current credit card debt held by Captial One with Discover. Discover paid Capital One Bank at least $16,714.88 to release the debt owed by your Plaintiff.

5. *Payment*. On or about August 12, 2019, your Plaintiff paid off his debt with Discover in full accord and satisfaction.

6. *Lawsuit*. On July 14, 2020, Unifund as the assignee of Capital One filed civil suit against your Plaintiff for the already paid off debt to Capital One.

7. *Demand.* Your Plaintiff through counsel sent a final demand letter to all defendants to correct these errors by April 30, 2021. However, despite proper demand and prior attempts to mitigate damages, the Defendants have failed to correct these errors.

## CAUSE OF ACTION I:
### Declaratory Action: Chain of Title (all Defendants)

8. All of the forgoing and successive paragraphs are incorporated herein.

9. Your Plaintiff had a credit card with Capital One with an outstanding balance of $16,258.97 ("the debt") back in June of 2017.

10. Your Plaintiff applied for a new line of credit with Discover in the amount of $25,000.00 to pay off Capital One and other creditors ("Discover Debt").

11. Capital One accepted the pay off from Discover in full accord and satisfaction.

12.     Confusingly, Capital One made further charges to the account despite pay off and alleges that payments were received on the account in $10.00 in 2018 (after accepting the Discover Pay Off) which were never made by your Plaintiff.

13.     Despite receiving the payoff, Capital One sold the debt to DAP III in 2019.

14.     On May 15, 2020, DAP III sold the debt to Unifund for the already paid debt.

15.     In 2019, the Discover debt was placed in collections with Rausch Sturm.

16.     On or about August 12, 2019, your Plaintiff paid off the remaining Discover Debt which was originally used to pay off the original Capital One Debt in full accord and satisfaction.

17.     Your Plaintiff's current credit report does not show any open account or debt with Capital One or Discover that needs to be paid off.

18.     Now, Partners as successor-in-interest to Capital One claims to have ownership over the Captial One debt. Your Plaintiff maintains that the Capital One Debt was paid off by Discover which in turn was paid off in full accord and satisfaction. The parties are in dispute regarding whether Capital One validly could sell a debt that was already paid off. The controversy is within this Honorable Court's jurisdiction and can be answered by a declaratory judgement which will resolve any further litigation among the parties.

19.     Furthermore, Capital One's accounting of the debt is improper and false. Your Plaintiff also requests an accounting of the Capital One line of credit.

NOW WHEREFORE, your Plaintiff requests this Honorable Court the following relief:

(A) a Declaratory Judgement that resolves the validity of the chain of title of this debt and whether the debt could be validly sold when already paid off; (B) a proper accounting; (C) reasonable attorney's fees and costs; and (D) any other relief justice so requires.

## CAUSE OF ACTION II:
### Breach of Agreement (against Capital One & Discover)

20. All of the forgoing and successive paragraphs are incorporated herein.

21. Your Plaintiff and Discover agreed in writing that your Plaintiff would take a line of credit from Discover in consideration of paying off his debt to Capital One in full accord and satisfaction.

22. Your Plaintiff and Capital One agreed in writing to close out his line of credit with Capital One upon receipt of payment from Discover in the amount of $16,714.88.

23. Discover either failed to make the payment to Capital One or properly notate that payment should be credited to your Plaintiff's account with Capital One.

24. Capital One failed to credit your Plaintiff's account with the Discover loan and failed to close out your Plaintiff's account upon receipt of the Discover loan.

25. Despite demand to rectify these performance issues, Capital One and/or Discover have failed to perform under the original terms of their agreements with your Plaintiff.

26. Consequently, Partners is now seeking a monetary judgement for a debt that your Plaintiff has already paid off in full accord and satisfaction.

27. Your Plaintiff has suffered monetary damages in defending a frivolous lawsuit and prosecuting this lawsuit to protect his rights including taking time off, retaining legal counsel, etc.

28. Now, Capital One and Discover deny the existence of these agreements or disagree on the actual terms of their agreements with your Plaintiff. Your Plaintiff maintains that his agreements with Capital One Debt and Discover are valid and that either or both parties failed to peform. The parties are in dispute regarding whether the parties made an agreement and what the terms of the agreement are. The controversy is within this Honorable Court's jurisdiction and

can be answered by a declaratory judgement which will resolve any further litigation among the parties.

NOW WHEREFORE, your Plaintiff requests this Honorable Court the following relief: (A) a Declaratory Judgement that resolves the validity of the parties' agreements and what the terms of the agreements are; (B) a monetary award for any unpaid debt or direction, or in the alternative specific performance for the parties to perform their duties under the agreements; (C) reasonable attorney's fees and costs; and (D) any other relief justice so requires.

### CAUSE OF ACTION III:
**Violation of FDCPA 15 U.S.C. § 1692 (against Capital One, DAP III, Unifund, & Partners)**

29. All of the forgoing and successive paragraphs are incorporated herein.

30. Defendants assigned a paid and satisfied debt originally held by Capital One which was assigned from DAP III to Unfiund and now to Partners.

31. Defendants exerted their right to assign the satisfied debt knowing that the right to assign the satisfied debt does not exist because debt was paid in full accord and satisfaction.

32. Defendants have charged your Plaintiff's closed Capital One credit card after receipt of payment in order to file an action for breach of contract.

33. Defendants now claim, attempted and exerted their "right" to file civil action against your Plaintiff knowing that the right to sue does not exist because the debt was paid.

34. Defendants took these actions to collect or attempt to college a debt that your Plaintiff has already paid which is not permitted by law or the refinance agreement.

35. By assigning a satisfied debt and filing action against your Plaintiff on a satisfied debt violates the Federal Debt Collection Practices Act, 15 U.S.C. § 1692.

36. Defendants have intentionally continued to exert these rights for the satisfied debt after your Plaintiff provided amble notice that the debt was paid and made final demand upon the Defendants to correct the error before filing this action.

37. Defendants have frequently and persistently failed to comply with the requirements of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692.

38. Defendants failed to provide adequate noticed to your Plaintiff to contest the validity of the debt before filing their action against your Plaintiff.

NOW WHEREFORE, your Plaintiff prays this Honorable Court grant the following relief: (A) find that the Defendants intentionally violated the FDCPA; (B) monetary damages authorized by the FDCPA which include actual damages suffered by your Plaintiff and punitive damages of $1,000.00; (C) reasonable attorney's fees and costs; and (D) any other relief that justice so requires.

## CAUSE OF ACTION IV:
**Violation of MD Consumer Debt Collection Act, MD. ANN. CODE, COM. LAW II § 14-201(B)**
**(against Capital One, DAP III, Unifund, & Partners)**

39. All of the forgoing and successive paragraphs are incorporated herein.

40. Your Plaintiff reincorporates all facts set forth in Cause of Action III for the purposes of pleading your Plaintiff's legal case for violation of the Maryland Consumer Debt Collection Act, MD. ANN. CODE, COM. LAW II 14-201(B) except that all references to the FDCPA are amended to the MCDCA.

41. Defendants' actions are the proximate cause for your Plaintiff's suffered damages including emotional distress and mental anguish.

NOW WHEREFORE, your Plaintiff prays this Honorable Court grant the following relief: (A) find that the Defendants intentionally violated the MCDCA; (B) monetary damages authorized by the MCDCA which include actual damages suffered including emotional distress or mental anguish; (C) reasonable attorney's fees and costs; and (D) any other relief that justice so requires.

## CAUSE OF ACTION V:
### Detrimental Reliance (against all Defendants)

42. All of the forgoing and successive paragraphs are incorporated herein.

43. Your Plaintiff applied for a line of credit from Discover in order to pay off his outstanding credit card account with Capital One. Your Plaintiff reasonably believed that applying for the Discover line of credit would pay off his Capital One credit card account in full accord and satisfaction.

44. Discover provided your Plaintiff a "Truth in Lending" document, as set forth in **Exhibit B** and incorporated herein, that shows Discover was going to pay off your Plaintiff's credit card account held at Capital One in full accord and satisfaction.

45. Capital One assured your Plaintiff that his credit card account would be paid in full accord and satisfaction with the Discover refinance.

46. In reliance of Discover's "Truth in Lending" document and Capital One's assurances, your Plaintiff closed his Capital One account believing that the balance would be paid in full accord and satisfaction.

47. However, Defendants either never transferred the funds or never properly credited your Plaintiff's account held at Capital One.

48.     Your Plaintiff has demanded that Defendants honor their original promises to properly credit his accounts, but Defendants have wrongfully denied your Plaintiff's demand. Injustice will result if Defendant's promises are not enforced.

49.     As a result, your Plaintiff is now facing civil legal action by Capital One's successor in interest for the outstanding balance plus interest and late fees.

NOW WHEREFORE, your Plaintiff prays this Honorable Court grant the following relief: (A) enjoin and enforce the Defendants to honor their original promises and properly credit your Plaintiff's account at Capital One and Discover in full accord and satisfaction; (B) monetary judgement for the uncredited amounts plus interest and costs; (C) reasonable attorney's fees and costs; and (D) any other relief that justice so requires.

## **RIGHT TO JURY TRIAL**

I hereby exert my right to a trial by jury and reserve my right to a bench trial for any and all triable issues of fact.

## **VERTIFICATION & AUTHORIZATION**

I, DUVALL M. BRANHAM, affirm under oath and the penalties of perjury that the forgoing facts are true and accurate to the best of my knowledge, information, and belief. I further authorize PHILLIPS MUDD, LLC to represent me in this matter.

  __8July 2021__                              _/s/ Duvall M Branham_____(SEAL)
       DATE                                    DUVALL M. BRANHAM
                                               13916 Lullaby Road
                                               Germantown, MD 20874

                                        Respectfully Submitted,

                                        DUVALL M. BRANHAM
                                        By counsel:

Date: <u>8 July 2021</u>        <u>/s/ Steven B. Mudd</u>
                                        Steven B. Mudd, Esquire
                                        MD CPF #: 1412170251
                                        PHILLIPS MUDD, LLC
                                        P.O. Box 209, College Park, MD 20741
                                        Telephone: (301) 441-4505
                                        E-mail: steven@phillipsmudd.com

## **CERTIFICATE OF COMPLIANCE WITH MD. RULE 20-201(F)**

     I HEREBY CERTIFY in compliance with MD. RULE 20-201(F) that this electronic submission does not contain any restricted information.

                                                        <u>/s/ Steven B. Mudd</u>
                                                        Steven B. Mudd